**John Allen FAVRO, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–236.**

Court of Criminal Appeals of Oklahoma.

Jan. 14, 1988.

Mac Oyler, Oyler & Bane, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, John Allen Favro, was charged in Oklahoma County District Court in Case No. CRF-80-2671, for the felony of Shooting With Intent to Kill, After Former Conviction of Two or More Felonies. He was found guilty by a jury of Assault and Battery With a Deadly Weapon, After Former Conviction of Two or More Felonies. He was sentenced to serve forty-five (45) years in prison.

Appellant met up with Danny McEntire and Tim Newby at a bar called Tricky Dicky's Club in Oklahoma City on July 9, 1980. Appellant asked McEntire and Newby for a ride to his jeep that was at 122nd and North May. This was at approximately 11:00 p.m. They agreed to take appellant to his car, but told him they would need gas money to get to their home in Choctaw; he agreed. On their way, they stopped at several bars, and appellant bought drinks for all three of them. When they finally got to appellant's car, at 3:00 a.m., he refused to give McEntire and Newby the promised gas money. Appellant testified that he had bought the drinks at the bars in lieu of the gas money and that McEntire and Newby understood that.

McEntire admitted to having taken, in addition to three or four beers, a Quaalude and smoking marijuana. He also admitted he was so mad when he got out of the truck he intended to beat up the appellant and take the gas money by force. Subsequently, appellant shot McEntire in the head, which caused McEntire to be comatose for six weeks and which has partially impaired his memory of the events prior to the shooting. McEntire admitted he knew appellant was armed before he started for him, and that he "intended on whopping his butt" anyway. McEntire does not remember if he was armed, but appellant testified

McEntire had a strip of car molding in his hand, and such was found at the scene. Newby had a tire iron that he threw at appellant when he drove off which hit appellant's car. Appellant then drove back to where McEntire and Newby were and that is when the shooting occurred. Appellant claims he did not aim, that he fired only one shot, and it was not intended to hit McEntire or Newby, but to scare them. Newby says he fired three times, but only one hit anything. Three casings from a .38 were found at the scene. There is no doubt · Newby and McEntire were drunk. Newby estimated that he and McEntire drank three or four pitchers of beer in addition to taking Quaaludes and smoking marijuana in the eight hours prior to 11:00 p.m.; they each had two mixed drinks between 11:00 p.m. and 3:00 a.m. Appellant had also been drinking, but it is not clear how much.

 Appellant's third assignment alleges reversible error was committed in the instructions given the jury. We agree. The State claims the errors, if any, were harmless and that appellant failed to preserve them for review. In answer to this argument, we restate that it is the duty of the court, independent of a request or objection from the parties, to instruct the jury on *all of the elements* of the offenses charged. *Maple v. State,* 662 P.2d 315 (Okl.Cr.1983).

 We find two major flaws in the instructions given the jury. First of all, both parties, as well as the trial court, have erroneously characterized the offense for which appellant was convicted, Assault and Battery With a Deadly Weapon, as a lesser-included offense of Shooting With Intent to Kill, the crime with which he was charged. 21 O.S.1981, § 652. The jury should have been instructed on only one of these since "Section 652 is intended to cover all assaults made with the intent to kill: that the first sentence is for assaults with a firearm and the remainder of the Section is for other assaults with such intent." *Meggett v. State,* 599 P.2d 1110, 1113 to 1114 (Okl. Cr.1979). Even though the second portion of Section 652 has a lighter maximum sentence than the first part, that does not make it a "lesser-included offense."

 Secondly, noticably absent in the court's instruction number four is a definition of specific "intent". It reads as follows:

The jury is instructed that although not set forth in the information the crime of Assault and Battery With a Deadly Weapon is a lesser included offense to the crime of Shooting With Intent to Kill.

In the event that the jury fails to find the defendant guilty of the crime of Shooting With Intent to kill it may then consider whether the defendant is guilty of the lesser included offense of Assault and Battery With a Deadly Weapon.

The law provides that any person who commits an assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death, is guilty of the crime of Assault and Battery With a Deadly Weapon.

A deadly weapon is one which by the use thereof may produce death.

"Assault" is defined as any wilful and unlawful attempt or offer with force or violence to do a corporal (bodily) hurt to another.

"Battery" is defined as any wilful and unlawful use of force or violence upon the person of another.

The essential elements of the crime of Assault and Battery With a Deadly Weapon are as follows:

1. That the defendant wrongfully made an assault and battery upon Danny Frank McEntire;

2. By the use of a deadly weapon;

3. That the offense occurred in Oklahoma County, State of Oklahoma, on or about July 9, 1980.

If the jury finds that all of the foregoing elements are present, and the jury has failed to find the defendant guilty of Shooting With Intent to Kill, then the jury shall find the defendant guilty of Assault and Battery With a Deadly Weapon.

If the jury fails to find that all of the foregoing elements are present then the

**130**

jury shall find the defendant not guilty of the lesser included offense in that case the jury will use the form of verdict finding the defendant "Not Guilty".

If the jury finds the defendant guilty but entertains a reasonable doubt as to whether he is guilty of shooting with intent to kill or assault and battery with a deadly weapon, the jury should give him the benefit of the reasonable doubt and find him guilty of the lesser crime.

This instruction is defective as an instruction for 21 O.S.1981, § 652 even if the evidence had warranted the giving of an instruction for assault and battery with a deadly weapon.

This case was tried in 1983, a substantial period of time after the Uniform Jury Instructions were adopted. *See* 12 O.S.1981, § 577.2; per curiam order of the Oklahoma Court of Criminal Appeals dated November 10, 1981. This fatal defect in the instructions could have been avoided if the Uniform Instruction had at least been used for reference in preparation of the instructions that were given.[1] Neither of the attorneys objected to the failure by the judge to use the Uniform Instructions. It is assumed that they will be utilized on retrial of this case.

■ Last of all, we note the trial court apparently believed there was sufficient evidence to warrant a lesser-included offense instruction, and we agree. The lesser included offenses for Section 652 are found in 21 O.S.1981, § 645 where the intent is to do bodily harm, not kill. *Meggett v. State,* 599 P.2d at 1114.

We need not address the other errors raised in appellant's brief since they deal with problems that should be unique to that trial, and it is assumed they will not be repeated.

The judgment and sentence is therefore REVERSED and the case is REMANDED FOR A NEW TRIAL.

PARKS, J., concurs.

BUSSEY, J., dissents.

---

1. OUJI–CR 404
ASSAULT AND BATTERY WITH A DEADLY WEAPON—ELEMENTS
No person may be convicted of Assault and Battery With a Deadly Weapon unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: *First,* an Assault and Battery; *Second,* Upon another person; *Third,* with a deadly weapon; *Fourth,* with the intent to take a human life.