**Gilbert N. HACKETT, Sr., Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–84–155.**

Court of Criminal Appeals of Oklahoma.

March 7, 1988.

Kent Eldridge, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BRETT, Presiding Judge:

Appellant, Gilbert N. Hackett, Sr., was tried by jury for the crimes of Shooting With Intent to Kill and Feloniously Pointing a Weapon in violation of 21 O.S.1981, § 652 and 21 O.S.1981, § 1289.16, respectively, in Case No. CRF–82–81 in the District Court of Canadian County. The jury returned a verdict of guilty of Assault and Battery With a Deadly Weapon and set punishment at twelve (12) years' imprisonment. Appellant was acquitted on the second count. The trial court sentenced appellant in accordance with the jury's verdict. From this judgment and sentence appellant appeals to this Court.

On February 22, 1982, appellant, his son, and a couple of his friends, Craig Ore and Ray Lynch, were unloading some motorcycle equipment. After unloading the equipment, appellant inquired as to the where-

abouts of his airbrush. His son replied that he had observed Anthony Wayne "Tony" Stewart with the airbrush. Appellant then expressed his irritation with other people borrowing his tools. He complained about Tony Stewart and proceeded to arm himself with a gun. As appellant loaded his gun, a witness heard him say that he was going to kill Stewart. Appellant also declared that he would kill anyone that messed with his tools.

Appellant, his son, Ore, and Lynch left in the appellant's Bronco in an effort to find Stewart. Soon, they observed Stewart traveling in the opposite direction. Appellant turned his vehicle around and followed Stewart, who pulled into the driveway of his apartment. Appellant pulled in behind him.

Appellant's son walked up to Stewart's car and confronted him. An argument between the two soon developed. Appellant grabbed his gun and walked up to Stewart's car, pointed the gun into Stewart's car and fired. Stewart fell over in the seat. Appellant offered to help Stewart, but was told to stay away. Appellant then asked Stewart where his airbrush was.

According to Fernando Willis, a passenger in Stewart's car, appellant called Stewart a "son-of-a-bitch", aimed the gun at his head and fired. Willis testified that appellant then pointed his gun at him, but that he rolled out of the car, ran across the street and summoned help. Stewart testified he recalled hearing Willis say "he's got a gun" and he remembered turning, observing a flash and feeling the shot. Another witness observed appellant shoot Stewart and then point the gun at Willis and said "you're next."

The police arrived at the residence and were met by appellant's son. Appellant came outside, was searched and told the officers that he thought the safety was on the gun. A slug, teeth fragments, and a bloody sweatshirt with imbedded teeth fragments were found at the scene. Appellant's hands were swabbed. Donald Havekost, an agent of the FBI, testified that the chemical residue found on appel-

lant's hands was consistent with someone who had fired a gun.

Appellant's son and Stewart had been residing together. Appellant's son testified that on previous occasions Stewart had threatened him and that the shooting was an accident. According to the son, when appellant inquired about his airbrush, Stewart gave a smart remark; he claimed that appellant then grabbed Stewart and the gun discharged inadvertently. However, the son admitted that he had told Willis to tell the police it was an accident.

Appellant also testified that the gun inadvertently discharged, that it was an accident and that he never intended to shoot Stewart. However, appellant admitted that he had earlier claimed that if anyone messed with his tools, he would blow them away. Appellant claimed that the gun had been cocked because he had been startled by Lynch earlier and had pulled the gun on him. However, on rebuttal, Lynch denied that appellant had pulled the gun on him.

■ In the first of six assignments of error, appellant complains of the instructions given by the trial court. A review of the record reveals that appellant did not preserve these issues for review by this Court. *Holloway v. State*, 712 P.2d 68 (Okl.Cr.1986). Appellant did not object at trial to the instructions given, nor did he submit any instructions concerning the points he raises. However, it is necessary that the instructions be reviewed for fundamental error. *Aumiller v. State*, 720 P.2d 347 (Okl.Cr.1986).

21 O.S.1981, § 652, Shooting With Intent to Kill, reads as follows:

Shooting with intent to kill—Assault and battery with deadly weapon, etc.

Every person who intentionally and wrongfully shoots another with any kind of firearm, *with intent to kill any person*, is punishable by imprisonment in the penitentiary not exceeding life. Any person who commits any assault and battery upon another *by means of any deadly weapon*, or *by such other means or force as is likely to produce death*, or *in any manner attempts to kill another*, or in resisting the execution of any legal

process, is punishable by imprisonment in the penitentiary not exceeding twenty (20) years (emphasis added).

In the instant case, appellant was presumably convicted of the offense of "Assault and Battery With a Deadly Weapon," under the foregoing statute and not under 21 O.S.1981, § 645, although the weapon was a gun. When instructing the jury on that offense, the following instruction number 5 was given:

No person may be convicted of ASSAULT AND BATTERY WITH A DEADLY WEAPON unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First: Willful,

Second: Unlawful,

Third: Use of force or violence with a deadly weapon,

Fourth: Upon another person.

Appellant correctly asserts that two elements were omitted from that instruction, i.e. "an assault and battery and the element requiring with intent to kill." The second portion as well as the first part of Section 652 clearly provides that the offense by use of a deadly weapon must include those two elements. As a result, appellant asserts the jury was mislead into believing all the State was required to prove was that appellant used "willful or unlawful force or violence against another person."

Oklahoma Uniform Jury Instruction–Cr, No. 404, provides the following:

No person may be convicted of Assault and Battery With a Deadly Weapon unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: *First,* An assault and battery; *Second,* upon another person; *Third,* with a deadly weapon; *Fourth,* with intent to take a human life.

Instruction No. 404 was not given. We must therefore conclude that the trial court's instructions were faulty and fundamental error was committed.

■ This case was tried after the Uniform Jury Instructions were adopted. See 12 O.S.1981, § 577.2; per curiam order of

the Oklahoma Court of Criminal Appeals dated November 10, 1981. This fatal defect in the instructions could have been avoided if the Uniform Instructions had at least been used for reference in the preparation of the instructions that were given. The other reversible error in this case deals with which statutes contain lesser-included offenses to 21 O.S.1981, § 652.

In *Favro v. State,* 749 P.2d 127 (Okl.Cr. 1988) (Bussey dissenting), a case very similar to the instant case, this Court recited the following:

We find two major flaws in the instructions given the jury. First of all, both parties, as well as the trial court, have erroneously characterized the offense for which appellant was convicted, Assault and Battery With a Deadly Weapon, as a lesser-included offense of Shooting With Intent to Kill, the crime with which he was charged. 21 O.S.1981, § 652. The jury should have been instructed on only one of these since "Section 652 is intended to cover all assaults made with the intent to kill: that the first sentence is for assaults with a firearm and the remainder of the Section is for other assaults with such intent." *Meggett v. State,* 599 P.2d 1110, 1113 to 1114 (Okl. Cr.1979). Even though the second portion of Section 652 has a lighter maximum sentence than the first part, that does not make it a "lesser-included offense."

Insofar as this conviction must be reversed and remanded for a new trial, it is not necessary to fully discuss appellant's other assignments of error. However, he correctly asserts that the court should have followed the OUJI–CR instructions to include assault and battery. In the retrial of this case, the trial court is admonished to closely consider the OUJI–CR instructions; and where appropriate, they should be given.

We are therefore of the opinion that this conviction must be REVERSED and REMANDED for a new trial for the reasons stated herein.

PARKS, J., concurs.

BUSSEY, J., dissents.