**William Edward SHERBURN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–161.**

Court of Criminal Appeals of Oklahoma.

Feb. 22, 1990.

Thomas Purcell, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

WILLIAM EDWARD SHERBURN, appellant, was tried by jury for the crime of Attempting to Obtain Merchandise by False Pretense, After Former Conviction of Two or More Felonies in violation of 21 O.S.1981, §§ 42, 44, 51 and 1541.1 (Count 1) and Assault and Battery With a Dangerous Weapon, After Former Conviction of Two or More Felonies in violation of 21 O.S. 1981, §§ 51 and 645 (Count 2), in Case Nos. CRF–86–469 and CRF–86–470 (Consolidated) in the District Court of Cleveland County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at twenty (20) years imprisonment on Count 1 and twenty-five (25) years imprisonment on Count 2. The trial court sentenced appellant accordingly. From this Judgment and Sentence, appellant appeals.

On April 10, 1986, at approximately 10:00 a.m., James McFarland, the owner of Thompson Sound Systems in Norman, Oklahoma, received a telephone call from a man who identified himself as Terrance Klein. The man placed an order for a television and a video cassette recorder and gave Mr. McFarland his bank credit card number. The caller informed Mr. McFarland that his son would pick up the merchandise between 2:00 p.m. and 3:00 p.m. that afternoon. Mr. McFarland then contacted a credit agency for approval of the transaction amount. The approval request

was denied. Due to the caller's eagerness to complete the sale and the subsequent credit denial, Mr. McFarland became suspicious of the transaction and contacted the Norman Police Department. Detective George Tipton arranged to be at the store when appellant came to pick up the merchandise.

Later that afternoon, appellant arrived and identified himself as Terrance Klein's son. After the sale had been completed and appellant had signed the sales receipt, Detective Tipton approached and informed appellant that he was under arrest for attempting to obtain merchandise by false pretense. As appellant was asked to place his hands on the counter, he turned and shoved Detective Tipton and an altercation ensued. During this altercation, appellant hit Detective Tipton on the head with a wooden, ceremonial tribal mask. Appellant was eventually subdued by Detective Tipton and his partner and placed under arrest.

▇ In his first assignment of error, appellant contends that the trial court erred in failing to instruct the jury that a necessary element of assault and battery with a dangerous weapon was that a dangerous weapon in fact be used. We agree.

The Oklahoma Uniform Jury Instruction—Criminal (OUJI–CR) No. 409 provides that:

> No person may be convicted of assault and battery with a dangerous weapon unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: First, an assault and battery; Second, upon another person; **Third, with a dangerous weapon**; Fourth, without justification or excusable cause; Fifth, with intent to do bodily harm. (emphasis added)

This Instruction was requested by both parties, but denied. Instead, the trial court gave the following Instruction:

> Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony. (O.R. G–3)

Initially, the State contends that the trial court's Instruction paralleled the applicable law, 21 O.S.1981, § 645. However, a review of that statute reveals that the trial court's Instruction omitted a vital requirement. The statute provides in pertinent part:

> Every person who, with intent to do bodily harm and without justifiable cause, commits any assault, battery, or assault and battery upon the person of another *with any sharp or dangerous weapon, or who, without such cause, shoots at another*, with any kind of firearm or air gun or other means whatever, with intent to injure any person or to commit any felony ... (emphasis added)

It is clear that the statute requires that a sharp or dangerous weapon be used in any case not involving a shooting.

This Court has consistently held that under the "dangerous weapon" statute, 21 O.S.1981, § 645, the facts must show that the instrumentality used was either a dangerous weapon per se or in the alternative that the weapon was used in such a manner as to become a dangerous weapon. This, then, is a matter of proof. *Bourbonnais v. State*, 122 P. 1131 (Okl.Cr.1912). In *S. Wilcox v. State*, 166 P. 74 (Okl.Cr.1917), a claw hammer was not considered to be dangerous per se. A chain has been held to be not a dangerous weapon per se, *Tacker v. State*, 303 P.2d 473 (Okl.Cr.1956). This Court has held that it is the manner in which the weapon is used if it is not a dangerous weapon per se. *Hay v. State*, 447 P.2d 447 (Okl.Cr.1968). *Bald Eagle v. State*, 355 P.2d 1015 (Okl.Cr.1960).

The State next argues that the catch-all phrase "or other means whatever", when read in conjunction with the trial court's Instruction No. 12, which defined Dangerous Weapon and included "any implement

likely to produce death or great bodily harm in the manner it is used or attempted to be used" sufficiently apprised the jury of the applicable law.

The Honorable Judge Brett writing for this Court in a recent opinion in a very similar case stated that the failure to put all of the elements needed for conviction into the instruction was faulty and fundamental error was committed. *Hackett v. State*, 751 P.2d 761 (Okl.Cr.1988) (Bussey, J., dissenting). The trial court in this instance failed to properly instruct the jury and have the jury make a finding as an element of conviction that the wooden mask was, in fact, a "dangerous weapon". *Hackett v. State, supra.*

This Court also in *Hackett* stated that such a fatal defect could have been avoided if the uniform instructions (OUJI–CR) had been used. The Court admonished the trial court to use the OUJI–CR instructions, where appropriate, and they should be given.

Appellant next contends that he was deprived of a fair trial by misconduct of the prosecutor during closing argument. However, a review of the record reveals that none of the comments of which appellant now complains were objected to at trial, thereby waiving all but fundamental error. *Weatherly v. State*, 733 P.2d 1331, 1338 (Okl.Cr.1987). We have reviewed the record and cannot find that the comments amounted to fundamental error.

■ Finally, appellant asserts that trial court erred in denying his request for a mistrial when informed that the jury had seen appellant in leg shackles. While 22 O.S.1981, § 15, provides that a defendant is not to be tried in chains and shackles, we held in *Wimberly v. State*, 698 P.2d 27, 32 (Okl.Cr.1985), that the statute was not violated and reversal was not required when a defendant was viewed under similar circumstances. As in *Wimberly*, appellant has failed to show that the incident was not accidental and that he was prejudiced. This assignment of error is without merit.

For the reasons stated above, the Judgment and Sentence in Case No. CRF–86–469 is AFFIRMED. The Judgment and Sentence in Case No. CRF–86–470 is REVERSED and REMANDED for a new trial.

PARKS, P.J., LANE, V.P.J., and BRETT and LUMPKIN, JJ., concur.