2002 OK CR 26

**Jimmy Jack PINKLEY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–01–402.

Court of Criminal Appeals of Oklahoma.

June 13, 2002.

Rehearing Denied July 2, 2002.

David Slane, Oklahoma City, OK, attorney for defendant at trial.

Vincent Antonioli, Assistant District Attorney, Guthrie, OK, attorney for the state at trial.

Thomas Purcell, Appellate Defense Counsel, Norman, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, attorneys for appellees on appeal.

## SUMMARY OPINION

CHAPEL, Judge.

¶ 1 Jimmy Jack Pinkley was tried by jury and convicted of Intimidation of a Witness in violation of 21 O.S.Supp.1999, § 455, after former conviction of two or more felonies, in the District Court of Logan County, Case No. CF–99–279. In accordance with the jury's recommendation the Honorable Larry R. Brooks sentenced Pinkley to twenty (20) years imprisonment. Pinkley appeals from this conviction and sentence.

¶ 2 Pinkley raises four propositions in support of his appeal:

I. The evidence was insufficient to support the conviction;

II. Pinkley's conviction must be reversed because the trial court instructed the jury in such a way as to permit a felony conviction even though the State's case proved only a misdemeanor;

III. Prosecutorial misconduct deprived Pinkley of a fair trial; and

IV. Pinkley was denied a fair trial by the ineffective assistance of defense counsel.

¶ 3 After thorough consideration of the entire record before us on appeal including the original record, transcripts, briefs and exhibits of the parties, we find reversal is required by the law and evidence. In Propositions I and II, Pinkley claims the jury was misinstructed and there was not sufficient evidence to convict him. We find the jury was not properly instructed on all the elements of witness intimidation, was misinstructed as to the meaning of the legal term "testimony", and was unable to consider the evidence presented that Pinkley had committed the crime of witness intimidation.

¶ 4 Pinkley was charged by Information with "unlawfully, knowingly, willfully and feloniously, threaten and inflict physical or mental harm to Daniel Gordon, to prevent the appearance of or alter the testimony and in retaliation for having given testimony of Daniel Gordon, a witness to a crime...."

Section 455 of Title 21, the witness intimidation statute,[1] states:

A. Every person who willfully prevents any person from giving testimony who has been duly summoned or subpoenaed or endorsed on the criminal information or juvenile petition as a witness, or who makes a report of abuse or neglect pursuant to Sections 7103 and 7104 of Title 10 of the Oklahoma Statutes or Section 10–104 of Title 43A of the Oklahoma Statutes, or who is a witness to any reported crime, or threatens or procures physical or mental harm through force or fear with the intent to prevent any witness from appearing in court to give his testimony, or to alter his testimony is, upon conviction, guilty of a felony punishable by not less than one (1) year nor more than ten (10) years in the State Penitentiary.

B. Every person who threatens physical harm through force or fear or causes or procures physical harm to be done to any person or harasses any person or causes a person to be harassed because of testimony given by such person in any civil or criminal trial or proceeding, or who makes a report of abuse or neglect pursuant to Sections 7103 and 7104 of Title 10 of the Oklahoma Statutes or Section 10–104 of Title 43A of the Oklahoma Statutes, is, upon conviction, guilty of a felony punishable by not less than one (1) year nor more than ten (10) years in the State Penitentiary.

■ ¶ 5 Following the statutory language, the elements of this crime are: (1) willfully (2) causing or threatening or procuring, or harassing (3) physical or mental harm (4) to a person (5) with the intent to prevent the person from appearing in court to testify OR with the intent to make the person alter his testimony OR because of testimony given by the person in any civil or criminal trial or proceeding OR to prevent or because of a report of abuse or neglect pursuant to Sections 7103 and 7104 of Title 10 of the Oklahoma Statutes or Section 10–104 of Title 43A of the Oklahoma Statutes. The jury was not properly instructed on all these elements. To aid trial courts in future cases, we promulgate a Uniform Jury Instruction on Witness Intimidation in APPENDIX A of this Opinion.

■ ¶ 6 The jury was initially instructed that the State must prove Pinkley willfully caused physical harm to any person because of *testimony given in a criminal trial or proceeding*. During deliberations, the jury asked for a definition of "testimony." The trial court replied, "Testimony is a statement by a person with knowledge of something." Pinkley's counsel did not object to the answer, saying it accurately reflected the discussion of the parties. The prosecutor noted, without objection, that the definition was consistent with the parties' off-the-record agreement that "statements given by a witness to a crime to a police or law enforcement officer in an investigatory setting satisfied the element that this person gave testimony in a trial or a criminal proceeding."[2]

■ ¶ 7 As counsel agreed with the modified instruction, we review his claim of error for plain error only. Plain error is present. These instructions (a) failed to inform the jury of the elements of the crime, and (b) misdefined an essential term. Although Pinkley was charged under both Sections 455(A) and (B), the jury was instructed only on the elements of Section 455(B). The instruction wholly failed to include the salient elements of Section 455(A), the intent to prevent a person from appearing in court to testify or to make a person alter his testimony. Failure to include elements of a crime in the instructions may rise to plain error.[3] Here, the omission of elements of the crimes charged constitutes a substantial violation of a constitutional or statutory right-the rights

---

1. 21 O.S.2001, § 455. The Oklahoma Statutes as a whole were republished in the official 2001 edition. The text of § 455˙ did not change.

2. The trial court noted that in crafting the definition given to the jury, the court and counsel consulted the criminal and civil OUJIs, *Black's*, *Webster's*, and the statutes.

3. *Allen v. State*, 1994 OK CR 13, 871 P.2d 79, 103, *cert. denied*, 513 U.S. 952, 115 S.Ct. 370, 130 L.Ed.2d 322; *Sherburn v. State*, 1990 OK CR 10, 787 P.2d 1282, 1285; *Hackett v. State*, 1988 OK CR 44, 751 P.2d 761, 763; *Maple v. State*, 1983 OK CR 52, 662 P.2d 315, 317.

to have the jury instructed on, and be convicted by proof beyond a reasonable doubt of, each element of the crime.[4]

¶ 8 The law does not support the parties' inexplicable apparent consensus that statements made in the course of investigation constitute testimony in a trial or criminal proceeding. The standard legal definition of "testimony" is:

> Evidence given by a competent witness under oath or affirmation; as distinguished from evidence derived from writings, and other sources. Testimony is particular kind of evidence that comes to tribunal through live witnesses speaking under oath or affirmation in presence of tribunal, judicial or quasi-judicial.... Testimony properly means only such evidence as is delivered by a witness on the trial of a cause, either orally or in the form of affidavits or depositions.[5]

The evidence statute provides that testimony is taken in three modes: by affidavits, deposition, or oral examination-all of which require oath or affirmation.[6] The evidence code, while not defining the term, requires that each witness shall agree by oath or affirmation to "testify" truthfully.[7] Throughout the Evidence Code the term "testimony" is used in conjunction with statements made under oath. These statutory references clearly do not contemplate testimony as including unsworn statements, even made in the course of investigation.[8]

¶ 9 The term "proceeding" is also well-understood. *Black's Law Dictionary* defines

"proceeding" in part as: "In a general sense, the form and manner of conducting juridical business before a court or judicial officer. Regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment."[9] The commencement of a criminal action occurs after a defendant is charged by indictment or Information, well after the investigation of the crime. Oklahoma statutes and court rules identify several types of "proceedings" including a variety of pre- and post-trial motions, depositions and hearings. In felony criminal cases the Oklahoma Constitution provides for a preliminary hearing.[10] In all these events, any witness is sworn (or otherwise under oath) before evidence is presented. This Court has held that inconsistent statements made under oath may be used as substantive evidence of guilt, but inconsistent statements made to a police officer during the investigation of a crime may be used only for impeachment, as those statements were not made in the course of a proceeding.[11]

¶ 10 In *Mehdipour v. State,*[12] we determined that § 455 encompasses both charges of attempt to intimidate a witness and the completed crime of witness intimidation. *Mehdipour* holds that witness intimidation focuses on the defendant's conduct in intentionally preventing or threatening to prevent testimony, as opposed to whether the target witness actually testifies.[13] However, *Mehdipour* specifically interprets only § 455(A) (intimidation before the fact), and does not

---

4. 20 O.S.2001, § 3001.1; *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).

5. *Black's Law Dictionary*, 1324 (5th Edition, 1979).

6. 12 O.S.2001, § 421.

7. 12 O.S.2001, § 2603. Oklahoma cases consistently refer to "testimony" when describing statements made under oath. The United States Supreme Court recently noted that, traditionally, a witness giving evidence was thought to have "testified" when the evidence was given under oath. *United States v. Hubbell*, 530 U.S. 27, 51 n. 2, 120 S.Ct. 2037, 2050 n. 2, 147 L.Ed.2d 24 (2000)(Thomas, J., concurring, discussing history of privilege against self-incrimination).

8. For example, the Evidence Code provides that an inconsistent statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination, and the statement was made under oath at a trial, hearing or other proceeding, or in a deposition. 12 O.S.2001, § 2801(4)(a)(1).

9. *Black's Law Dictionary*, 1083 (5th Edition, 1979).

10. Okla. Const. art. 2, § 17.

11. *Omalza v. State*, 1995 OK CR 80, 911 P.2d 286, 302, *citing* 12 O.S.1981, § 2801(4)(a)(1).

12. 1998 OK CR 23, 956 P.2d 911.

13. *Mehdipour*, 956 P.2d at 914–15.

mention § 455(B) (subsequent intimidation). Moreover, *Mehdipour* neither discusses nor defines the parameters of the term "testimony" as used in the statute. When using the term "testimony" *Mehdipour* consistently referred to the witness's projected statements to be made against an accused person at trial, under oath. This use of the term is consistent with the weight of authority above.

¶ 11 In addition to problems with the instructions on the elements of the crime, Pinkley also complains the evidence was insufficient to convict him.[14] Pinkley first correctly notes that the jury was not instructed on § 455(A), which prohibits the use of threats or force to prevent someone from testifying. Despite Pinkley's characterization otherwise, the victim, Gordon, did not say he was beat up because inmates don't like snitches. He said he was beat up because Pinkley didn't like him snitching on Rob Williams. In his reply brief, Pinkley admits "[i]f there were a crime called 'beating someone up as retaliation for talking to authorities' Mr. Pinkley would have been guilty." There is such a crime, and it is codified at § 455(A). While the evidence on this point conflicted, any properly instructed rational trier of fact could have found Pinkley intended to punish Gordon for talking to law enforcement and dissuade him from testifying at Rob Williams's trial. As Pinkley's jury was not so instructed, it had no opportunity to properly consider that evidence.

¶ 12 Pinkley also claims that there was no evidence he violated § 455(B), which prohibits force or threats because of testimony given in a criminal trial or proceeding. He correctly argues that the evidence showed Gordon had not testified against Williams before Pinkley beat him up; there was no evidence that Gordon ever testified against

Williams in court. The State suggests that our interpretation of the statute in *Mehdipour* cures this defect of proof. As we discuss above, *Mehdipour* did not involve § 455(B), did not discuss what evidence would be sufficient to prove a charge under that subsection, and sheds no light on this issue. There was no evidence presented which would support a charge under § 455(B); taken in the light most favorable to the State, no rational trier of fact could have found the element of "testimony given in a criminal trial or proceeding" beyond a reasonable doubt.[15]

¶ 13 While Pinkley claims insufficient evidence, and we agree the evidence was insufficient for conviction under these instructions, the case should not be remanded with instructions to dismiss. The sufficiency problem in this case stems directly from the erroneous instructions. Had the jury been properly instructed, sufficient evidence was presented to convict Pinkley under § 455(A). As the State presented sufficient evidence to convict Pinkley of the crime charged, the Court should give a properly instructed jury an opportunity to consider that evidence. This case is reversed and remanded for a new trial.[16]

### Decision

¶ 14 The Judgment and Sentence of the District Court is **REVERSED** and **REMANDED** for a new trial.

LUMPKIN, P.J., JOHNSON, V.P.J., STRUBHAR, J. and LILE, J., concur.

### APPENDIX A

Witness Intimidation—Elements

No person may be convicted of witness intimidation unless the State has proved be-

---

14. Pinkley suggests that he is at most guilty of the misdemeanor of assault and battery. In denying Pinkley's requested instruction on misdemeanor assault and battery, the trial court noted that, given the uncontroverted evidence as to the type and level of injury, the evidence supported aggravated assault and battery rather than a misdemeanor charge. This assessment appears correct. The appropriate "lesser" charge, as instructed, was aggravated assault and battery.

15. *Spuehler v. State*, 1985 OK CR 132, 709 P.2d 202, 203–04. Pinkley cites to several cases which are factually distinguishable. Here, there was ample evidence of the elements on which the jury was not instructed, and no evidence at all on the elements in the instruction. The evidence is not ambiguous, but clearly supports the State's claim that Pinkley intended to threaten and harm Gordon to prevent him from testifying.

16. Given this resolution, Propositions III and IV are moot.

yond a reasonable doubt each element of the crime. These elements are:

First, willfully;

Second, [causing] or [threatening] or [procuring], or [harassing];

Third, physical or mental harm;

Fourth, through force or fear;

Fifth, to a person;

Sixth, [with the intent to prevent the person from appearing in court to testify] OR [with the intent to make the person alter his testimony] OR [because of testimony given by the person in any civil or criminal trial or proceeding] OR [to prevent or because of a report of abuse or neglect pursuant to Sections 7103 and 7104 of Title 10 of the Oklahoma Statutes or Section 10–104 of Title 43A of the Oklahoma Statutes].

Statutory Authority: 21 O.S.2001, § 455.