2006 OK CR 11

**STATE of Oklahoma, Appellant**

v.

**Brian Keith FLETCHER, Appellee.**

No. S 2005–0632.

Court of Criminal Appeals of Oklahoma.

April 6, 2006.

### ACCELERATED DOCKET ORDER

¶ 1 Appellee was charged October 27, 2004, in the District Court of Cleveland County, Case No. CF–2004–1385 with Count 1—Attempted Lewd or Indecent Proposal to a Minor, 21 O.S.2001, § 1123(A)(1), Count 2—Attempted Seclusion for Purpose of Lewd Molestation, 21 O.S.2001, § 1123(A)(3), Count 3—Use of a Computer to Violate Oklahoma Law, 21 O.S.20001, § 1958, Count 4—Engaging in a Pattern of Criminal Offenses, 21 O.S.2001, § 425, and Count 5—Use of Computer to Furnish Obscene Material to Minor, 21 O.S.2001, § 1040.76. Following the preliminary hearing the Honorable Rod Ring found the State's evidence was not sufficient to show the crimes alleged were committed within Cleveland County.

¶ 2 The State appealed the adverse ruling of the Magistrate. Following a hearing before the Honorable John Blake, Associate District Judge, the order of the Magistrate was affirmed. The State appeals to this Court pursuant to 22 O.S.2001, § 1089.1.

¶ 3 This appeal was automatically assigned to the Accelerated Docket of this Court. Rule 11.2(A)(4), *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch.18, App. (2005). The State raised one proposition of error on appeal:

> Defendant could properly be charged by Information in Cleveland County based upon the totality of circumstances under a preponderance of the evidence standard.

¶ 4 Appellee did not file an Answer Brief. By Order issued January 18, 2006, the matter was submitted for review on the record as filed. Oral argument was made to this Court on January 26, 2006, pursuant to Rule 11.2(F), by David J. Batton, Assistant District Attorney, Cleveland County District Attorney's Office. Steve Stice appeared on behalf of Appellee at oral argument. The State did not object and Mr. Stice was allowed to present argument to the Court on behalf of Appellee. At the conclusion of oral argument, a decision was rendered for Appellant.

¶ 5 U.S. Cyberwatch is owned and operated by Virginia Delaney and her husband in Loveland, Colorado. Its stated purpose is to intercept those who it believes to be child predators before they get to a child. In the fall of 2004 Ms. Delaney posted the profile of a fictitious underage child named "Amy" in an Internet chat room. The record reflects Appellee initiated a chat with "Amy" in October 2004.

¶ 6 Ms. Delaney and her computer are located in Loveland, Colorado, but Ms. Delaney told Appellee that "Amy" was physically located in Norman, Cleveland County, Oklahoma. Appellee lives in Ardmore, Carter County, Oklahoma. The communication was transmitted from Appellee's computer to Ms. Delaney's computer in Colorado.

¶ 7 A copy of the Internet chat logs between Appellee and "Amy" from October 16 through October 20, is part of the record before this Court. "Amy" told Appellee she was "13". Appellee told her he had a "cam", sent her a picture of himself, and identified himself as "Brian". Appellee told "Amy" he liked her age, wished she was younger, asked if she was a virgin, asked if he could come see her, whether they could "mess around", that he would bring beer, asked whether she would dress sexy for him, whether she had developed breasts and pubic hair, whether she had a thong, whether she had pantyhose, whether she wanted to "go all the way", whether she would do some gymnastics in her panties, etc, etc.

¶ 8 Appellee transmitted a picture of his penis to "Amy" by webcam on two separate occasions. He chatted about taking pictures of "Amy" in sexually graphic positions, having sex with her, and described graphic sex acts he would like for them to perform. Appellee then persisted in setting up a meeting with "Amy" in Norman, telling her that he could get a motel for them. He insisted on making arrangements for the meeting by telephone to avoid the cops "watchin net".

¶ 9 A meeting was arranged by Appellee at Grandy's Restaurant in Norman, Cleveland County. "Amy" was to be waiting at a back booth in Grandy's by the bathrooms with her blue bag on the table. Ms. Delaney provided this information to the Norman police department. Appellee drove from Ardmore to Norman. He called "Amy" while en route to the meeting. When Appellee entered Gran-

dy's in Norman, he was arrested by the Norman Police Department.

¶ 10 The only issue before this Court is whether venue is proper in Cleveland County. The State bears the burden to prove venue and the standard of proof is by a preponderance of the evidence. *Omalza v. State,* 1995 OK CR 80, ¶ 7, 911 P.2d 286, 294. Venue can be established by either direct or circumstantial evidence. *Id.*

¶ 11 Article 2, section 20, of the Oklahoma Constitution directs that the accused has the right to be tried in the county in which the crime was committed. However, "[w]hen a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof, constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county." 22 O.S.2001, § 124.

¶ 12 Two of the offenses with which Appellee is charged are Attempted Lewd or Indecent Proposal to a Minor and Attempted Seclusion for Purpose of Lewd Molestation. To prove Appellee guilty of attempt the State is required to prove the intent to commit a specified crime, performance of some overt act towards its commission and failure of consummation. *Weimar v. State,* 1976 OK CR 285, ¶ 17, 556 P.2d 1020, 1024. The record submitted to this Court arguably reflects Appellee formed the specific intent to commit these charged crimes and purposely engaged in conduct which would have constituted the crimes if the attendant circumstances were as the defendant believed them to be. The act of driving to Norman, Cleveland County, and entering the agreed upon meeting place is evidence of an overt act.

¶ 13 The sexual comments and requests to meet for sex are purported to have been generated from Appellee's computer in Carter County. Therefore, from the record presented it appears venue could be proper in either Carter County or Cleveland County.

¶ 14 The availability of the Internet and the mobility of computers is causing many new challenges for the State in protecting our children and prosecuting these types of crimes. One tool attempting to be used by the State is Section 425 of Title 21. Enacted in May of 2004, that section makes it a crime to engage or attempt to engage in a pattern of criminal offenses in two or more counties in this state. Section 125.1 of Title 22 establishes the venue to a "pattern of criminal offenses" to be "in any county in which at least one alleged criminal offense has occurred that constitutes part of the alleged pattern of criminal offenses".

¶ 15 The argument can be made, therefore, that Appellee committed a pattern of criminal offenses beginning with the use of a computer to find a child, making lewd and indecent proposals over the Internet to an individual believed to be under sixteen years of age, enticing a child to meet for the purpose of sexual relations or sexual intercourse, using a computer to transmit pictures of his penis, and then culminating with Appellee driving to the agreed upon meeting place. The Court, therefore, finds the Magistrate erred in dismissing the State's case.

¶ 16 **IT IS THEREFORE THE ORDER OF THIS COURT** that the State's appeal is **GRANTED.** The order of the District Court of Cleveland County in Case No. CF–2004–1385 is **REVERSED** and the matter is **REMANDED** to the District Court for further proceedings consistent with this Order. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2005), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

¶ 17 **IT IS SO ORDERED.**

¶ 18 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 6th day of April, 2006.

/s/ Charles S. Chapel, DISSENTS
CHARLES S. CHAPEL, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David B. Lewis
DAVID B. LEWIS, Judge

CHAPEL, Presiding Judge, Dissenting.

¶ 1 In my opinion, venue for these offenses clearly is in Carter County. I would affirm the trial court's order.