**L. L. DAVIS, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

No. A–12803.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1960.

Rehearing Denied June 15, 1960.

**468**

George W. Gay, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen Watts, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, who will be designated as the defendant herein, was convicted by a jury in the District Court of Pottawatomie County of assault and battery with a dangerous weapon. The punishment was left to the trial judge who sentenced the defendant to three years in the state penitentiary. The defendant lodged his appeal in this court within the time prescribed by law and advances numerous assignments of error upon which he relies for reversal. However, this appeal can be determined by consideration of the correctness of the trial judge's ruling upon defendant's demurrer to the information.

The information filed against the defendant, omitting formal parts, charges:

"* * * the above named Newt Littlefield and L. L. Davis them and there being, did then and there unlawfully, knowingly, wilfully, intentionally, wrongfully, and feloniously commit the crime of Assault and Battery With a Dangerous and Deadly Weapon By Means and Force Likely To Produce Death, in that the said Newt Littlefield and L. L. Davis, while acting together in concert, aiding and abetting each other, each of them did, without justification or excusable cause, wilfully, intentionally, wrongfully, unlawfully and feloniously commit an assault and battery on and upon the body and person of one John Q. Adams with a certain dangerous and deadly weapon, to-wit: a certain hard, blunt instrument, a more exact description of which is unknown, in that the said Newt Littlefield and L. L. Davis, and each of them, did intentionally, wilfully, wrongfully, unlawfully, forcibly and feloniously strike, hit and beat the said John Q. Adams with force and violence about the face, head and body with said weapon which the said Newt Littlefield and L. L. Davis, and each of them, did then and there wield, said means and force being such as is likely to produce death, said striking, hitting and beating thereby inflicting on and upon the body and person of the said John Q. Adams certain wounds, bruises and injuries as are likely to produce death, with the unlawful and felonious intent then and there on the part of the said Newt Littlefield and L. L. Davis, and each of them, to do bodily harm and injury to the said John Q. Adams * * *."

To this information the defendant filed the following demurrer and motion to quash:

"Comes now the above named defendants and each of them and demurs to the information filed herein and for grounds thereof states:

"1. That said information does not set facts sufficient in law to constitute to a crime of assault and battery with a dangerous and deadly weapon by means and force likely to produce death.

"2. That said information charges with more than one offense and is so ambiguous that defendants are unable to determine what section of the Statute they are charged with violating and are unable to properly defend said action."

The motion to quash reads as follows:

"Comes now the above named defendants and each of them and moves

the court to vacate, quash and set aside the information filed herein and for grounds thereof states:

"1. That said defendants are being prosecuted against in the District Court of Pottawatomie County, State of Oklahoma, and that said defendants are acting in good faith and praying for an order to submit evedence in support of this motion.

"2. That said information does not state facts sufficient in law to constitute the crime of assault and battery with a dangerous weapon by means and force likely to produce death and that this court has no jurisdiction of said cause for the reasons that the offence cahrged is one of simple assault and battery.

"3. That at the preliminary hearing held before Bass Wilkes, Justice of the Peace, for the City of Shawnee, Oklahoma the evidence produced at said trial was insufficient to establish the fact that the crime of assault and battery with a dangerous and deadly weapon by means of force likely to produce death. That at said trial all of the evidence offered by the state was reduced to writing by the Court Reporter of the District Court of Pottawatomie County at defendants request; that the transcript of said proceedings may be introduced in support of this motion.

"4. That there was no evidence introduced at said preliminary hearing that a deadly or dangerous weapon of any kind was used by the defendants and that said information does not describe or set forth any deadly weapon alleged to have been used by the defendants.

"Wherefore, defendants pray that said information be vacated, quashed and set aside and defendants be discharged."

The demurrer and motion to quash were overruled by the trial judge to which ruling defendant excepted and the exceptions were allowed.

Careful study has been given by this court to the information filed in this case. More adequate words could not be found to describe the same than are set forth in the second part of the defendant's demurrer. We thoroughly agree that it cannot be determined with what the defendant is precisely charged, or under what statute the charge is brought. It is quite evident that the county attorney in preparing the charge was confused as to the proper interpretation to be placed upon Section 21 O.S.1951 §§ 645, 652, 653. Apparently excerpts from each were incorporated in the information in the exact language of the statute. In order to have a more thorough understanding of the question of law involved, the following section of the penal code provides:

"An assault is any wilful and unlawful attempt or offer with force or violence to do a corporal hurt to another." 21 O.S.1951 § 641.

"A battery is any wilful and unlawful use of force or violence upon the person of another." 21 O.S.1951 § 642.

"To use to attempt to offer to use force or violence upon or toward the person of another is not unlawful in the following cases: * * *

"(Third). When committed either by the party about to be injured, or by any other person in his aid or defense, in preventing or attempting to prevent an offense against his person, or any trespass or other unlawful interference with real or personal property in his lawful possession; provided the force or violence used is not more than sufficient to prevent such offense." 21 O.S.1951 § 643.

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault (and battery) upon the person of another with any sharp or dangerous weapon, or who, without such cause shoots or attempts to shoot at another, with any kind of firearm or air gun or

other means whatever, with intent to injure any person, although without intent to kill such person or commit any felony, is punishable by imprisonment in penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year." 21 O.S. 1951 § 645.

"Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process is punishable by imprisonment in the penitentiary not exceeding ten years." 21 O.S.1951 § 652.

"Every person who is guilty of an assault with intent to kill any person the punishment for which is not prescribed by the foregoing section, is punishable by imprisonment in the penitentiary for a term not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment." 21 O.S.1951 § 653.

■ No doubt these sections may appear to be repetitious and confusing in the preparation of charges involving a degree of assault and battery. Section 645, supra, makes it a felony to commit an assault and battery upon a person with any sharp or dangerous weapon with intent to do bodily harm, and without justifiable or excusable cause; the second part makes it an offense to shoot at another, or to attempt to shoot at another, with any kind of firearm or air gun or other means whatever, with the same intent and without justifiable or excusable cause. See Smith v. State, 79 Okl. Cr. 1, 151 P.2d 74.

■ Section 652, supra, sets out four different means by which the crime defined may be committed: First, by shooting or attempting to shoot at another; Second,

by assault and battery by means of a deadly weapon; Third, by assault and battery by means other than a deadly weapon, but by such force as is likely to produce death; Fourth, by assault and battery in resisting the execution of any legal process. See Davis v. State, Okl.Cr.App., 300 P.2d 1000.

The means prescribed in § 652 and § 653, supra, by which the offense may be committed are in substance identical, and the material difference arises only in the punishment prescribed. In § 652, the essential element is an assault and battery by means of a deadly weapon, or by such other means as is likely to produce death. In § 653 the assault must be with intent to kill. In § 645, supra, the essential element is the intent to do bodily harm with a sharp or dangerous weapon.

■ This court is firm in its conviction that a defendant charged with any crime designated under either of these sections should be charged by an information not only clear as to what section the charge is brought under, but clearly stating the means under, and the section by which the crime was committed.

■ In the case of Ponkilla v. State, 69 Okl.Cr. 31, 35, 99 P.2d 910, 912:

"The Bill of Rights in our constitution and our statutes on criminal procedure both declare the salutary rule of the common law that in a criminal prosecution the accused shall be informed of the nature and cause of the accusation against him, and that the indictment or information must be direct and certain, that is, that it must set forth the special manner of the whole fact so that it can be clearly seen what particular offense, and not merely what nature of offense, is intended to be charged."

It may be readily observed that the information in the case at bar does not meet this requirement. The first allegation in said charge states:

"* * * did then and there unlawfully, knowingly, wilfully, intentionally, wrongfully commit the crime of— .

assault and battery with a dangerous and deadly weapon—by means and force likely to produce death."

No doubt the county attorney intended this to come under § 652, supra, which outlines four means of committing the crime defined therein. The second means reads thusly: " * * * who commits any assault and battery upon another by means of any *deadly weapon * * *.*" The third means applies to an assault and battery by means other than a deadly weapon but by force as is likely to produce death. It is obvious that in the language of the statute the state combined the second and third means leaving out the word "or" which distinguishes them as separate means of the crime and add to the first part "dangerous" which is to be found only in § 645. This alone may not have been fatal, but is within itself confusing. The information in further alleging stated:

" * * * did, without justification or excusable cause wilfully, intentionally, wrongfully, unlawfully and feloniously commit an assault and battery on and upon the body and person of one John Q. Adams with a certain dangerous and deadly weapon to-wit: a hard blunt instrument, a more exact description of which is unknown."

It is to be noted that "without justification or excusable cause" is in the identical language to be found in § 645, and the allegation would come clearly under § 645, but for the allegations of "dangerous and deadly weapon." Section 645 states "sharp or dangerous weapon." This allegation adds further to the confusion and ambiguity, but the information goes on to allege:

"did then and there wield, said means and force being such as is likely to *produce death.*"

It is to be observed that "such * * * means * * * as is likely to *produce death*" is an essential element and in the language of § 652. However, the information further alleges:

"with the unlawful and felonious intent then and there on the part of

Newt Littlefield and L. L. Davis, and each of them to do *bodily harm* and injury to the said John Q. Adams."

"With intent to do *bodily harm*" is an essential element and in the exact language of § 645.

The information cannot be carefully scrutinized without conceding that the information is confusing, ambiguous and uncertain. This is further evidenced by the fact that the attorney general in his brief says:

"There can be no question but that the defendant was clearly charged with a violation of Title 21 O.S.1951 Sec. 652."

The court evidently did not agree as he gave no instruction on § 652, but instructed under § 645 and the lessor offense of aggravated assault.

The jury gracefully skirted the issue by finding the defendant guilty of assault and battery with a dangerous weapon as charged in the information and left the punishment to the trial judge.

This court has been liberal in interpreting the sufficiency of an information so as to prohibit technicalities from thwarting justice, but to approve this type information would be to throw judicial reasoning to the winds and deprive all defendants of the right to be clearly and concisely advised of the exact crime with which they are charged and the means by which it was committed.

As a result of the foregoing discussion, the defendant is entitled to a new trial. A new complaint should be filed alleging a specific crime in a manner properly advising defendant as to what he is expected to defend against. In the preparation of this new charge the county attorney should bear in mind that the description of the dangerous or deadly weapon "a certain hard blunt instrument" has been questioned.

 The three essential elements required to establish an instrument as deadly are set forth in Moody v. State, 11 Okl.Cr. 471, 148 P. 1055. We have long adhered

to the rule that when the weapon charged to have been used is not a deadly weapon per se, a sufficient description of such instrument, the manner in which it was used, and the effect produced by the use thereof should be set forth.

In view of the difficulty that may be encountered in properly describing the instrument allegedly used in the instant case and the manner of its use, Tit. 21 O.S. 1951 § 646, should be explored.

For the above and foregoing reasons, the judgment and sentence of the trial court is hereby reversed and the cause remanded for a new trial.

POWELL, P. J., and BRETT, J., concur.