Willis BATES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16960.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1973.

**992**

J. Rex Spur, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge.

Appellant, Willis Bates, hereinafter referred to as defendant, was convicted in the District Court of Pottawatomie County, Case No. CRF 70–207, of assault and battery with a dangerous weapon after former conviction of a felony, and sentenced to a term of one to three years imprisonment. Judgment and sentence was imposed on April 2, 1971, and this perfected therefrom.

Initially, it was charged by information that the defendant did, on July 31, 1970, commit the offense of "shooting with the intent to kill" in violation of 21 O.S1971, § 652, in that the defendant did shoot one David Hodges with a .22 caliber pistol, wounding Hodges on the left leg. The second page of the information alleged that the defendant had previously been convicted of two felony crimes. Subsequently, the information was amended to state that the defendant had committed the offense of "assault and battery with a deadly weapon" in violation of 21 O.S., § 652.

Briefly stated, the State's evidence established that on the evening of July 31, 1970, Floyd Roland, David Hodges, Richard Whitman, and Lonnie Shirey were at the Chat and Nibble Bar in Pottawatomie County. These men testified that they were talking just in front of the bar when defendant left the bar and proceeded to his truck. There was some conversation between the defendant and members of the group, and three of the men approached defendant's truck. Defendant, while seated in his truck, produced a pistol and fired three shots, one striking the ground, one hitting a window of the bar, and one striking David Hodges in the leg. According to Roland, Shirey and Hodges, defendant began shooting without provocation. Hodges testified that he believed the defendant had called to him, so Hodges went over to the defendant's truck, whereupon he was shot by defendant. Hodges testified that he did not know the defendant previously, and had no idea as to what caused the shooting. According to the State's witnesses, there were no threats, comments or provocation to warrant the defendant's actions.

The defendant testified that on the night in question he went to the Chat and Nibble

Club, shot a game of pool, drank a beer with a friend, and then left in a pickup truck. According to the defendant, he talked to none of the State's witnesses, did not know them, did not shoot anyone, and he did not have a .22 pistol. Defendant contended that the State's witnesses were trying to frame him, and were in collusion with the Tecumseh Police Chief, with whom defendant had previously had differences.

The evidence is obviously conflicting. However, there was before the jury competent evidence from which it could conclude that the defendant was guilty as charged. When the evidence is conflicting, it is the exclusive province of the jury to resolve questions of fact, provided the elements of the offense are proven by competent evidence.

It is defendant's first contention that the trial court erred in overruling the defendant's motion to quash the information. Defendant contends that the information "was indefinite and uncertain and unclear as to whether said information charged the defendant with a crime under Title 21 O.S.A., § 652, or 21 O.S.A., § 645, or 21 O.S.A., 642." Defendant cites as support, Davis v. State, Okl.Cr., 354 P.2d 466 (1960), for the proposition that an information charging a defendant with a violation of 21 O.S., § 645 or § 652, or § 653, must be sufficiently clear and direct as to advise defendant not only under what section he is charged, but the means under said section by which the crime was committed.

Initially the defendant was charged with the offense of "shooting with the intent to kill" in violation of 21 O.S., § 652. At the preliminary examination the magistrate made the following finding:

"The court then, after hearing the evidence does not find that the crime of Shooting with Intent to Kill has been committed, but instead, does find that the crime of Assault and Battery With A *Deadly* Weapon after prior conviction has been committed and that there is

probable cause to believe the defendant, Willis Bates, is guilty thereof, we will order that he be held for trial on the charge of Assault and Battery With A *Dangerous* Weapon After Former Conviction." (Emphasis added)

Title 21 O.S., § 652, provides in substance that every person who shoots another with any kind of firearm with the intent to kill, or who commits an assault and battery upon another by means of any deadly weapon, is punishable by imprisonment in the penitentiary not exceeding twenty years. In charging a violation of Section 652, it is often said that a person is charged with "shooting with the intent to kill" or "assault and battery with a deadly weapon."

Title 21 O.S., § 645, provides inter alia that every person who shoots at another with any kind of firearm with the intent to injure, although without the intent to kill, is punishable by imprisonment for a term not exceeding five years imprisonment. A violation of Section 645 is often stated as the offense of "assault and battery with a dangerous weapon."

Relevant to our inquiry in the instant case, the distinction between Section 652 and Section 645, is whether the accused had the intent to kill. It would appear that the examining magistrate in making his findings, interchanged the word "deadly" with the word "dangerous." At the conclusion of the preliminary examination the State amended its information to charge the defendant with "assault and battery with a deadly weapon," rather than "shooting with the intent to kill." Both of these offenses, however, states a violation of Section 652.

In the case of Davis v. State, supra, cited by the defendant, the accused was charged with striking the victim with a hard, blunt instrument. This Court found on appeal that the defendant's motion to quash the information should have been sustained, since "it cannot be determined with what the defendant is precisely

charged, or under what statute the charge is brought." 354 P.2d 469.

■ In the instant case we have examined the information on which the defendant went to trial, and are of the opinion that it sufficiently states a violation of Section 652, and that it adequately advised the defendant with the precise charge levied against him. We do not have, in the case at bar, a situation as in Davis v. State, supra, where the information was so worded that it could not be ascertained as to under what statute the charge was brought. Accordingly, we find no error with the trial court overruling the motion to quash the information.

The defendant's second contention is that the trial court erred in overruling defendant's demurrer to the evidence of the State. In this regard defendant argues that the information upon which the evidence was received was indefinite and uncertain; and further, that the State failed to prove every material element of the offense alleged. As stated, we are of the opinion that the information was definite and certain. Furthermore, as we have noted, there was competent evidence presented by the State to support the charge and to support a verdict of guilty. Accordingly, we find no error in the overruling of the demurrer to the evidence.

■ It is defendant's third contention that the trial court erred in refusing defendant's instruction on simple assault and battery, which upon conviction, carries a maximum punishment of thirty days in the county jail, or a fine of $100.00. 21 O.S. 1971, § 644. The trial court instructed the jury as to the offense of shooting with the intent to kill, or assault and battery with a deadly weapon, in violation of 21 O.S., § 652. The court advised the jury that if it did not find the defendant had committed said offense, it should consider whether or not he had committed assault and battery with a dangerous weapon in violation of 21 O.S., § 645, a lesser included offense. The court's failure to instruct the jury as to the misdemeanor offense of simple assault and battery, under the facts in this case, does not constitute error. The State's evidence indicated that the defendant fired a pistol into a group of men, striking one, without apparent provocation. Surely, the discharge of a firearm under such circumstances, is a more serious and aggravated violation of the law than is contemplated within the meaning of the misdemeanor violation of assault and battery. Accordingly, we find no merit to the defendant's contention in this regard.

It is defendant's fourth contention that the trial court erred in allowing the impeachment of the defendant by his prior convictions, and in allowing a rebuttal witness to testify concerning defendant's prior felony conviction. On cross-examination the defendant admitted that he had two prior felony convictions, one for receiving stolen property in Kansas, and one for assault and battery in Pottawatomie County, Oklahoma. The prosecutor inquired if the Pottawatomie County conviction was not in fact for the offense of assault and battery with the intent to kill. The defendant evidenced some confusion on this point and stated "I never was tried—I wasn't convicted—I plead guilty." In rebuttal the State called the Pottawatomie County Court Clerk, who testified concerning court records that indicated that the defendant, on a plea of guilty, had been convicted of assault with intent to kill on February 27, 1961, with punishment fixed at a fine of $500.00. The State thereby rebutted the defendant's evidence to the effect that the prior Pottawatomie County conviction had been for assault and battery, a misdemeanor.

Defendant asserts that allowing the State's rebuttal testimony, concerning a purely collateral matter over objection, was error. In support of this position, defendant relies upon the rule stated in Moon v. State, Okl.Cr., 475 P.2d 410 (1970):

"Though the rule is well established in this state that where a defendant takes the stand in his own behalf, he becomes a witness on cross-examination, subject to all the rules applicable to other witnesses, when a defendant as witness is cross-examined on a matter purely col-

lateral to the issue, his answer is conclusive, and he cannot be subsequently contradicted by way of impeachment by the party putting the question."

We agree that the testimony of the State's rebuttal witness, as to the exact name of the offense for which defendant had previously been convicted, was a matter collateral to the issue on trial, which was whether or not the defendant had shot Hodges. Such evidence would not be admissible by the State in chief. Thus, we conclude that the trial court improperly allowed, over objection, this testimony of the rebuttal witness for the State. However, we are of the opinion that such an error, when viewed in light of the entire record, does not constitute reversible error. The evidence of the defendant's guilt is, in our opinion, abundant. We do not feel that this error, taken into context with the entire record, substantially prejudiced the defendant. As in Moon v. State, supra, we find that such error warrants modification.

Accordingly, the sentence of one to three years imprisonment is hereby modified to a term of one year imprisonment, and as so modified, judgment and sentence is hereby affirmed.

BLISS, P. J., and BUSSEY, J., concur.