FILED
United States Court of Appeals
Tenth Circuit

August 17, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

TRAVONN LEON BURTONS,

     Defendant - Appellant.

No. 16-6091
(D.C. Nos. 5:15-CV-01314-R and
5:11-CR-00126-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Travonn Burtons appeals the district court's order denying his 28 U.S.C.

§ 2255 motion. Because we agree with the district court that Burtons' Oklahoma

conviction for assault and battery with a deadly weapon constitutes a violent felony

under 18 U.S.C. § 924(e)(2)(B)(i)'s elements clause, we affirm.

**I**

In 2011, Burtons pleaded guilty to being a felon in possession of a firearm. *See*

18 U.S.C. § 922(g)(1). After the district court imposed a 180-month prison sentence,

Burtons filed his first § 2255 motion. For reasons not pertinent to this appeal, the

district court granted relief and vacated the judgment and sentence.

---

[*] This order and judgment isn't binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. But it may be cited for its
persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Burtons then pleaded guilty (again) to being a felon in possession of a firearm. Based in part on a state conviction for assault and battery under Okla. Stat. Ann. tit. 21, § 652(C) (1994)—an offense the PSR classified as a violent felony under § 924(e)—the district court again imposed a 180-month sentence. Burtons appealed, and this court affirmed. *See United States v. Burtons*, 590 F. App'x 761, 762 (10th Cir. 2014) (unpublished).

Burtons then timely filed the instant § 2255 motion.[1] Relying on the Supreme Court's then-recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Burtons argued that his Oklahoma conviction for assault and battery no longer constitutes a violent felony under § 924(e)'s residual clause. *See* § 924(e)(2)(B)(ii) (defining violent felony, in relevant part, as crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another"); *Johnson*, 135 S. Ct. at 2557 (striking down residual clause as unconstitutionally vague).

In response, the government asserted that even though Burtons' Oklahoma conviction no longer qualifies as a violent felony under § 924(e)'s residual clause, it still qualifies as a violent felony under § 924(e)'s elements clause. *See* § 924(e)(2)(B)(i) (defining violent felony, in relevant part, as offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). The district court agreed with the government and denied relief.

---

[1] This is technically Burtons' second § 2255 motion. But it doesn't constitute a "second or successive motion" for purposes of § 2255(h). *Cf. Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010).

Burtons then sought a certificate of appealability, which this court granted. Burtons now appeals the district court's denial of his § 2255 motion.

**II**

**A**

Under the Armed Career Criminal Act (ACCA) of 1984, 18 U.S.C. § 924(e), a defendant who has "three previous convictions . . . for a violent felony" faces a minimum 15-year prison sentence for violating § 922(g)(1). § 924(e)(1). Until recently, the term "violent felony" encompassed any crime that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(i), (ii). But in *Johnson*, the Supreme Court struck down the third part of this definition—known as the residual clause—as unconstitutionally vague. 135 S. Ct. at 2555-57.

Here, the parties agree that in determining whether Burtons is entitled to relief under § 2255, we must apply the Court's decision in *Johnson* retroactively. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is thus a substantive decision and so has retroactive effect . . . in cases on collateral review."). They also agree that, as a result, Burtons' Oklahoma conviction for assault and battery under Okla. Stat. Ann. tit. 21, § 652(C) (1994) no longer qualifies as a violent felony under § 924(e)(2)(B)(ii)'s residual clause. *See Johnson*, 135 S. Ct. at 2557 (invalidating residual clause as unconstitutionally vague). But they disagree as to whether his conviction nevertheless qualifies as a violent felony under § 924(e)(2)(B)(i)'s elements clause. *See*

3

§ 924(e)(2)(B)(i) (defining violent felony as offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"); *Johnson* , 135 S. Ct. at 2563 ("Today's decision does not call into question . . . the remainder of the [ACCA's] definition of a violent felony.").

In resolving that disagreement, the district court applied what's known as the modified categorical approach: it looked to certain state court documents to determine "which alternative" portion of Okla. Stat. Ann. tit. 21, § 652(C) (1994) "formed the basis of [Burtons'] prior conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Armed with that information, the district court then asked whether that specific statutory alternative—rather than Okla. Stat. Ann. tit. 21, § 652(C) as a whole—"has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i); *see Descamps*, 133 S. Ct. at 2281. And because the district court concluded that the answer to that question is yes, it ruled that Burtons' prior conviction remains a violent felony even after *Johnson*. Accordingly, it denied Burtons' § 2255 motion.

Relying on the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), Burtons argues this was error. He points out that the modified categorical approach only applies to "so-called 'divisible statute[s].'" *Descamps*, 133 S. Ct. at 2281. And he asserts that Okla. Stat. Ann. tit. 21, § 652(C) isn't a divisible statute under *Mathis* because it contains alternative means, rather than alternative elements. *See Mathis*, 136 S. Ct. at 2253. Thus, he concludes, the district court should have (1) eschewed the modified categorical approach, (2) asked whether Okla.

4

Stat. Ann. tit. 21, § 652(C) *as a whole* "has as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i); and (3) ruled that it doesn't.

But here we hit a snag. Burtons didn't raise this argument in district court. On the contrary, he implicitly invited the district court to treat Okla. Stat. Ann. tit. 21, § 652(C) (1994) as divisible: he urged the court to focus exclusively on a single statutory alternative, rather than the statute as a whole, in applying the elements clause. Moreover, while the district court explicitly ruled that Okla. Stat. Ann. tit. 21, § 652(C) (1994) is divisible, Burtons doesn't challenge that ruling in his opening brief. In fact, he doesn't discuss *Mathis* in his opening brief at all. Instead, he raises a *Mathis* argument for the first time in his reply brief. Thus, for both of these reasons, we would normally treat this argument as waived and decline to consider it. *See, e.g.*, *United States v. Wayne*, 591 F.3d 1326, 1332 n.4 (10th Cir. 2010) ("Because [appellant] raised this argument for the first time in her reply brief, she has waived it on appeal."); *see also United States v. Deberry*, 430 F.3d 1294, 1302 (10th Cir. 2005) ("The invited-error doctrine 'prevents a party who induces an erroneous ruling from being able to have it set aside on appeal.'" (quoting *United States v. Burson*, 952 F.2d 1196, 1203 (10th Cir. 1991))).

We decline to take that approach here. When Burtons filed his § 2255 motion, "Tenth Circuit law held the modified categorical approach applied regardless of whether a statute's alternatives were elements or means." *United States v. Titties*, 852 F.3d 1257, 1269 n.12 (10th Cir. 2017) (citing *United States v. Trent*, 767 F.3d 1046, 1058-61 (10th

5

Cir. 2014), *abrogated by Mathis*, 136 S. Ct. 2243). And the law in this circuit didn't change until the Supreme Court decided *Mathis* on June 23, 2016—just over two weeks after Burtons filed his opening brief. Thus, while Burtons implicitly invited the district court to treat Okla. Stat. Ann. tit. 21, § 652(C) (1994) as divisible, he did so in reliance "on settled law that changed while the case was on appeal." *Titties*, 852 F.3d at 1264 n.5. Under those circumstances, the invited-error doctrine doesn't apply. *See id.* at 1264 & n.5 (rejecting government's invited-error argument and considering defendant's newly-raised *Mathis* argument where defendant, in reliance on then-controlling law, asked district court to apply modified categorical approach).

Likewise, while we typically decline to resolve arguments presented to us for the first time in a reply brief, we see no need to follow that general rule here. The reasons for that rule are twofold. First, considering such an argument typically "robs the appellee of the opportunity to" respond. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Second, and relatedly, the rule helps "protect[] this court from publishing an erroneous opinion because we did not have the benefit of the appellee's response." *Id.*

These concerns don't apply here. The government (1) cited *Mathis* in its response brief; (2) acknowledged there that "[a]fter *Mathis* . . . the critical distinction in the divisibility analysis is whether enumerated alternatives are 'means' or 'elements,'" Aplee. Br. 11 (quoting *Mathis*, 136 S. Ct. at 2255); and (3) proceeded to argue that Okla. Stat. Ann. tit. 21, § 652(C) (1994) is divisible. Moreover, both parties spent the bulk of oral argument discussing whether Okla. Stat. Ann. tit. 21, § 652(C) (1994) is

6

divisible under *Mathis*, and have since each filed a letter of supplemental authority addressing this question. *See* Fed. R. App. P. 28(j). Finally, as discussed above, the Supreme Court didn't decide *Mathis* until after Burtons had already filed his opening brief. Thus, Burtons' failure to initially raise his *Mathis* argument "reflects not a lack of diligence, but merely a want of clairvoyance." *Joseph v. United States*, 135 S. Ct. 705, 706 (2014) (Kagan, J., respecting the denial of certiorari). Accordingly, under the unusual procedural facts of this case, we opt to consider Burtons' newly raised *Mathis* argument.

But here we hit another snag. While the government addresses *Mathis* in its response brief and Burtons addresses *Mathis* in his reply brief, neither party discusses whether *Mathis* applies retroactively to cases that, like Burtons', arise on collateral review.[2] *See Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (explaining that while "an old rule applies both on direct and collateral review," a new rule will only apply

---

[2] True, the government suggested in a single sentence at oral argument that *Mathis* doesn't apply retroactively. But retroactivity is an affirmative defense that the government may forfeit or waive. *See Schiro v. Farley*, 510 U.S. 222, 229 (1994). And by the time we heard oral argument in this case, the government had already cited *Mathis* in its response brief for the proposition that "the critical distinction in the divisibility analysis is whether enumerated alternatives are 'means' or 'elements.'" Aplee. Br. 11 (quoting *Mathis*, 136 S. Ct. at 2255). By explicitly inviting us to rely on this aspect of *Mathis* in resolving whether Okla. Stat. Ann. tit. 21, § 652(C) (1994) is divisible, the government may well have forfeited—or even waived—any argument that *Mathis* doesn't apply retroactively. And if so, we question whether the single sentence the government dedicated to retroactivity at oral argument is sufficient to vitiate that forfeiture or waiver. Nevertheless, we see no need to resolve either of these questions because we ultimately conclude that, even assuming *Mathis* applies retroactively, Burtons isn't entitled to relief.

7

retroactively to cases on collateral review if (1) it's substantive rather than procedural or (2) it amounts to watershed rule of criminal procedure).

In the absence of any briefing or meaningful discussion of the issue by either party at oral argument, we decline to resolve whether *Mathis* applies retroactively to cases on collateral review. Instead, we simply assume for the sake of argument that it does and proceed to apply it to the facts of this case. *See Collins v. Youngblood*, 497 U.S. 37, 41 (1990) (explaining that retroactivity isn't "'jurisdictional' in the sense that" court must raise and decide it sua sponte). Even with the benefit of that assumption, Burtons isn't entitled to relief under § 2255; contrary to Burtons' arguments on appeal, (1) the district court correctly applied the modified categorical approach under *Mathis* because Okla. Stat. Ann. tit. 21, § 652(C) (1994) contains alternative elements, not alternative means, *see infra* Part II.B; and (2) the specific statutory alternative under which Burtons' prior conviction arises constitutes a violent felony under § 924(e)(2)(B)(i)'s elements clause, *see infra* Part II.C.

**B**

Under Oklahoma law,

> [a]ny person who commits any assault and battery upon another [1] by means of any deadly weapon, or [2] by such other means or force as is likely to produce death, or [3] in any manner attempts to kill another, or [4] in resisting the execution of any legal process, shall upon conviction be punished by imprisonment in the State Penitentiary not exceeding twenty (20) years.

Okla. Stat. Ann. tit. 21, § 652(C) (1994).

8

According to Burtons, Okla. Stat. Ann. tit. 21, § 652(C) (1994)'s four statutory alternatives constitute means, not elements. Thus, he asserts, the statute isn't divisible and the district court "ha[d] no call to decide which of the statutory alternatives was at issue in the earlier prosecution." *Mathis*, 136 S. Ct. at 2256. Instead, Burtons insists, the district court could only ask whether, as a whole, Okla. Stat. Ann. tit. 21, § 652(C) (1994) "can be violated without the 'use, attempted use, or threatened use of physical force.'" *Titties*, 852 F.3d at 1273 (quoting § 924(e)(2)(B)(i)). And because one of Okla. Stat. Ann. tit. 21, § 652(C) (1994)'s statutory alternatives—assault and battery in resisting the execution of legal process—appears to be a "non-violent way[]" of violating the statute, Burtons concludes that his conviction "is not categorically a violent felony" under the elements clause. *Id.*; *see id.* at 1265 ("If some conduct that would be a crime under the statute would not be a violent felony under the ACCA, then any conviction under that statute will not count toward an ACCA enhancement, regardless of whether the conduct that led to the defendant's prior conviction was in fact violent.").

We agree with Burtons that Okla. Stat. Ann. tit. 21, § 652(C) (1994)'s fourth alternative doesn't appear to satisfy the elements clause. But we need not definitively resolve that question. That's because we disagree with Burtons' assertion that Okla. Stat. Ann. tit. 21, § 652(C) (1994) contains alternative means, rather than alternative elements.

In resolving the elements-or-means inquiry, *Mathis* tells us to first ask whether "a state court decision definitively answers the question." 136 S. Ct. at 2256. Here,

9

Burtons identifies two decisions that he says do just that: *Goree v. State*, 163 P.3d 583 (Okla. Crim. App. 2007), and *Davis v. State*, 354 P.2d 466 (Okla. Crim. App. 1960).

Burtons is correct that, in *Davis*, the Oklahoma Court of Criminal Appeals (OCCA) explained that an earlier version of Okla. Stat. Ann. tit. 21, § 652 "set[] out four different *means* by which the crime defined [could] be committed." 354 P.2d at 470 (emphasis added). And those "means" included (1) "assault and battery by means of a deadly weapon"; (2) "assault and battery by means other than a deadly weapon, but by such force as is likely to produce death," and (3) "assault and battery in resisting the execution of any legal process." *Id.* But while it's true that *Davis* at one point refers to these statutory alternatives as "means," *id.*, it later appears to describe one of them as "an essential element," *id.* at 471. Thus, because it's unclear whether *Davis* distinguishes between "means" and "elements" in any meaningful way, it doesn't "definitively answer[]" the elements-or-means question. *Mathis*, 136 S. Ct. at 2256.

Next, in a similar argument, Burtons points out that the concurring opinion in *Goree* states, "[T]here are four different *ways*" to violate Okla. Stat. Ann. tit. 21, § 652 (1994). 163 P.3d at 585 (Lumpkin, J., concurring) (emphasis added). But even if we afford controlling weight to the concurring opinion's language, Burtons doesn't explain why we should treat the term "ways" as synonymous with the term "means," rather than as synonymous with the term "elements." Moreover, a footnote in *Goree*'s majority opinion states that Okla. Stat. Ann. tit. 21, § 652 (1994) "separately

10

prohibits five *crimes*," three of which appear in subsection (C): "[1] assault and battery with a deadly weapon or by any means likely to produce death, [2] attempts to kill, and [3] use of a deadly weapon in resisting legal process." 163 P.3d at 584 n.5 (emphasis added). And by referring to these alternatives as "separate[] . . . crimes," and "[s]eparate criminal offenses," *id.* at 584 n.5, *Goree* appears to undermine, rather than support, Burtons' assertion that Okla. Stat. Ann. tit. 21, § 652(C) (1994) comprises alternative means. *See Mathis*, 136 S. Ct. at 2249 (explaining that statute is divisible if it "list[s] elements in the alternative, and thereby define[s] *multiple crimes*" (emphasis added)). Accordingly, neither *Davis* nor *Goree* "definitively answers the question" of whether Okla. Stat. Ann. tit. 21, § 652(C) (1994)'s statutory alternatives are means or elements.[3] *Mathis*, 136 S. Ct. at 2256.

---

[3] For the first time at oral argument and then in a subsequent Rule 28(j) letter, Burtons pointed out that in *Goree*, the OCCA equated the separate "crimes" set forth in Okla. Stat. Ann. tit. 21, § 652 with the "separate offenses" of "first degree felony murder and first degree malice murder" set forth in Okla. Stat. Ann. tit. 21, § 701.7. *Goree*, 163 P.3d at 584 n.5. And as Burtons explains, Oklahoma doesn't require jury unanimity as to Okla. Stat. Ann. tit. 21, § 701.7's two "separate offenses." *Id.*; *see Crawford v. State*, 840 P.2d 627, 640 (Okla. Crim. App. 1992), *abrogated on other grounds by Malone v. State*, 168 P.3d 185 (Okla. Crim. App. 2007). Thus, Burtons concludes, the fact that Oklahoma treats Okla. Stat. Ann. tit. 21, § 652(C) (1994)'s alternatives as "separate[] . . . crimes," and "[s]eparate criminal offenses," *Goree*, 163 P.3d at 584 n.5, doesn't necessarily make those statutory alternatives elements, rather than means, *see Mathis*, 136 S. Ct. at 2256 (indicating that where jury unanimity isn't required, statutory alternatives constitute means, not elements).

We decline to address this argument. We are willing to consider Burtons' late blooming *Mathis* argument because the Supreme Court didn't decide *Mathis* until after Burtons had already filed his opening brief. *See supra* Part II.A. But the OCCA decided *Goree* in 2007. And Burtons was obviously aware of *Goree*'s existence when he filed his reply brief; he cited it there. Thus, we see no reason to overlook Burtons' waiver of this specific argument. *See United States v. Dahda*, 852 F.3d 1282, 1293

In the absence of a dispositive state-court opinion, we next ask whether Okla. Stat. Ann. tit. 21, § 652(C) (1994)'s "statutory alternatives carry different punishments." *Mathis*, 136 S. Ct. at 2256. If so, "then . . . they must be elements" rather than means. *Id.*

Burtons suggests the inverse of this statement is also true: he asserts that because Okla. Stat. Ann. tit. 21, § 652(C) (1994)'s statutory alternatives *don't* carry different punishments, they must instead be means. But Burtons' argument commits the fallacy of denying the antecedent. *See TorPharm, Inc. v. Ranbaxy Pharm., Inc.*, 336 F.3d 1322, 1329 n.7 (Fed. Cir. 2003) (defining fallacy of denying antecedent as "[a]n invalid argument of the general form: If p, then q. Not p. Therefore, not q"). Because nothing in *Mathis* suggests that statutory alternatives carrying the same punishment are necessarily means rather than elements, this aspect of Okla. Stat. Ann. tit. 21, § 652(C) (1994) provides little guidance.

Nor can we rely here on two other statutory factors that *Mathis* says may guide our inquiry. First, *Mathis* indicates that "if a statutory list is drafted to offer 'illustrative examples,' then it includes only a crime's means of commission." 136 S. Ct. at 2256 (quoting *United States v. Howard*, 742 F.3d 1334, 1348 (11th Cir. 2014)). In *Howard*, for example, the Eleventh Circuit discussed a statutory scheme that prohibited entering a "building" and then set forth "a non-exhaustive list of things

n.7 (10th Cir. 2017) (explaining that arguments made for first time at oral argument are waived); *United States v. Kimler*, 335 F.3d 1132, 1138 n.6 (10th Cir. 2003) (declining to address argument raised for first time in Rule 28(j) letter, in part because it was "based on authority that was readily available at the time of briefing").

that fall under th[e] definition" of that term. 742 F.3d at 1348. But Okla. Stat. Ann. tit. 21, § 652(C) (1994) doesn't contain such a non-exhaustive list. Nor does it explicitly "identify which things must be charged (and so are elements) and which need not be (and so are means)." *Mathis*, 136 S. Ct. at 2256; *cf., e.g.*, Cal. Penal Code § 952  (explaining that charging document shall not contain "any allegations of matter not essential to be proved" and that "[i]n charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another," thus indicating that these are essential elements of theft). Accordingly, this is not a case where "the statute on its face . . . resolve[s] the issue." *Mathis*, 136 S. Ct. at 2256.

*Mathis* affords us one final avenue of discerning whether Okla. Stat. Ann. tit. 21, § 652(C) (1994)'s alternatives are elements or means: when "state law fails to provide clear answers," federal judges can take a "peek" at documents like jury instructions and indictments "for 'the sole and limited purpose of determining whether [the listed items are] element[s] of the offense.'" *Mathis*, 136 S. Ct. at 2243 (alterations in original) (quoting *Rendon v. Holder*, 782 F.3d 466, 474 (9th Cir. 2015) (Kozinski, J., dissenting from the denial of rehearing en banc)).

Here, Burtons concedes that "Oklahoma provides separate jury instructions for the different methods of violating" Okla. Stat. Ann. tit. 21, § 652(C) (1994).[4] Rep. Br. 7. For instance, OUJI-CR 4-4 lists the elements of "Assault and Battery, Shooting with Intent to Kill"; OUJI-CR 4-6 lists the elements for "Assault and Battery with a

---

[4] "In cases like [Burtons'] where the defendant pled guilty and no jury instructions were given, the state's uniform jury instructions can provide insight into the means/elements question." *Titties*, 852 F.3d at 1282 n.15.

Deadly Weapon"; OUJI-CR 4-7 lists the elements for "Assault and Battery by Means or Force Likely to Produce Death"; and OUJI-CR 4-9 lists the elements of "Assault and Battery Resisting the Execution of Legal Process."

The fact that Oklahoma's jury instructions don't "reiterate[e] all the terms of" Okla. Stat. Ann. tit. 21, § 652(C) (1994) in one instruction, but rather "referenc[e] one alternative term to the exclusion of all others" in each of several separate instructions, indicates that Okla. Stat. Ann. tit. 21, § 652(C) (1994) "contains a list of elements, each one of which goes toward a separate crime." *Mathis*, 136 S. Ct. at 2257; *see also United States v. Bouziden*, No. CIV-16-516-C, 2017 WL 149988, at *2 (W.D. Okla. Jan. 13, 2017) (concluding that Oklahoma manslaughter statute is divisible based on fact that Oklahoma has three separate jury instructions, each with separate elements, for three ways of violating statute); *United States v. Hullum*, No. 11-CR-00127-DME-02, 2016 WL 7178312, at *4 n.5 (D. Colo. Dec. 9, 2016) (treating statute as divisible because Tenth Circuit pattern jury instructions don't list together the alternative methods of violating statute).

Under these circumstances, we conclude that Oklahoma's jury instructions "speak plainly," *Mathis*, 136 S. Ct. at 2257: Okla. Stat. Ann. tit. 21, § 652(C) (1994)'s statutory alternatives are elements, not means. Thus, the district court didn't err in treating Okla. Stat. Ann. tit. 21, § 652(C) (1994) as divisible and applying the modified categorical approach.

14

## C

But that doesn't end our analysis. Even assuming that Okla. Stat. Ann. tit. 21, § 652(C) (1994) is divisible, Burtons argues that the specific offense he was convicted of—i.e., assault and battery with a deadly weapon—doesn't qualify as a violent felony under § 924(e)(2)(B)(i)'s elements clause. And because it can no longer qualify as a violent felony under § 924(e)(2)(B)(ii)'s now-defunct residual clause, *see Johnson*, 135 S. Ct. at 2557, Burtons argues the district court erred in denying his § 2255 motion.

According to Burtons, Okla. Stat. Ann. tit. 21, § 652(C) (1994) defines the offense of assault and battery with a deadly weapon as (1) an assault and battery (2) upon another person (3) with a deadly weapon. Burtons asserts this offense doesn't satisfy § 924(e)'s elements clause because it doesn't "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).

In support, Burtons advances a three-part argument. First, he points out that in this context, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States* (*Curtis Johnson*), 559 U.S. 133, 140 (2010) (quoting § 924(e)(2)(B)(i)). Yet under Oklahoma law, "only the slightest touching is necessary to constitute the 'force or violence' element of battery." *Steele v. State*, 778 P.2d 929, 931 (Okla. Crim.App. 1989). Thus, Burtons concludes, simple battery under Oklahoma law doesn't involve the type of "*violent* force" required by *Curtis Johnson*, 559 U.S. at 140.

15

Second, Burtons asserts that under Oklahoma law, "assault is merely an attempt to commit a battery." Aplt. Br. 15. Thus, he reasons, assault can be "an offer or attempt involving the merest touching," *id.* at 16, which likewise wouldn't satisfy *Curtis Johnson*'s definition of force, *see* 559 U.S. at 140.

Finally, Burtons insists that Okla. Stat. Ann. tit. 21, § 652(C) (1994)'s deadly-weapon element doesn't supply the requisite "use, attempted use, or threatened use of physical force," § 924(e)(2)(B)(i), to render the offense a violent felony because someone could commit assault and battery with a deadly weapon by, e.g., poking someone with a handgun or tapping someone with a knife.

We don't disagree with Burtons' first assertion; in fact, we recently recognized that "simple battery under Oklahoma law does not satisfy [U.S.S.G. § 4B1.2(a)(1)'s] elements clause because it may be accomplished by a slight touch." *United States v. Taylor*, 843 F.3d 1215, 1223 (10th Cir. 2016) (quoting *United States v. Mitchell*, 653 F. App'x 639, 644 (10th Cir. 2016) (unpublished)), *cert. denied*, 137 S. Ct. 1608 (2017).[5] But while our decision in *Taylor* provides some support for Burtons' argument, it ultimately forecloses it.

---

[5] The question in *Taylor* was whether the defendant's prior conviction was for a "crime of violence" under U.S.S.G. § 4B1.2(a), as opposed to a "violent felony" under § 924(e)(2)(B). 843 F.3d at 1218. But U.S.S.G. § 4B1.2(a)'s elements clause is identical to § 924(e)(2)(B)'s elements clause: both encompass an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* § 924(e)(2)(B)(i); U.S.S.G. § 4B1.2(a)(1). Thus, *Taylor*'s analysis applies with equal force here. *Cf. United States v. Thomas*, 643 F.3d 802, 805 (10th Cir. 2011) ("Because of this commonality of language in the residual clauses of the ACCA and USSG § 4B1.2(a), we have consistently interpreted them identically.").

In *Taylor*, we noted that Oklahoma recognizes two types of assault: (1) "attempted-battery assault" and (2) "apprehension-causing assault." 843 F.3d at 1224 (quoting *Mitchell*, 653 F. App'x at 645); *see id.* at 1223 ("Oklahoma law defines an 'assault' as 'any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another.'" (quoting Okla. Stat. Ann. tit. 21, § 641)). What's more, *Taylor* holds that both attempted-battery assault and apprehension-causing assault—when coupled with "the additional element of a deadly or dangerous weapon"—satisfy the elements clause. *Id.* at 1224 (quoting *Mitchell*, 653 F. App'x at 645). Thus, we concluded in *Taylor* that the defendant's conviction for assault and battery with a dangerous weapon under Okla. Stat. Ann. tit. 21, § 645 constituted a crime of violence under U.S.S.G. § 4B1.2(a)(1)'s elements clause. *Taylor*, 843 F.3d at 1223-25; *see id.* at 1224-25 ("[T]he use of a 'dangerous weapon' during an assault or battery always 'constitutes a sufficient threat of force to satisfy the elements clause' of § 4B1.2(a)(1)." (quoting *Mitchell*, 653 F. App'x at 645)).

Burtons doesn't provide us with any basis upon which to distinguish assault and battery with a deadly weapon under Okla. Stat. Ann. tit. 21, § 652(C) (1994) from assault and battery with a dangerous weapon under Okla. Stat. Ann. tit. 21, § 645. And we see none. Accordingly, under *Taylor*, we hold that assault and battery with a deadly weapon under Okla. Stat. Ann. tit. 21, § 652(C) (1994) "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i); *see Taylor*, 843 F.3d at 1224-25. And because that

means Burtons' conviction qualifies as a violent felony under the elements clause, we affirm the district court's order denying his § 2255 petition.

Entered for the Court

Nancy L. Moritz
Circuit Judge